IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Allied Insurance Company of America, | ) ) ) |
| Plaintiff, | ) C.A. No. 6:24-cv-00034-DCC ) ) |
| v. | ) **OPINION AND ORDER** ) |
| Premier 3, LLC; Zachary Lawrence; and Samuel Lawrence, | ) ) ) ) |
| Defendants. | ) ) |

This matter is before the Court on Allied Insurance Company's ("Allied") motion for judgment on the pleadings. ECF No. 20. Allied contends that it has no duty to defend or indemnify Premier 3, LLC ("Premier") in a lawsuit brought by Zachary Lawrence ("Zachary") and Samuel Lawrence ("Samuel") (collectively "the Lawrences") in South Carolina state court. The Court agrees and, for the reasons that follow, grants Allied's motion.

**I.  BACKGROUND**

Shortly before midnight on January 8, 2021, Nadaria Tucker ("Tucker") was driving a vehicle owned by her mother when she collided with a moped driven by Zachary. ECF No. 1-2 at 3–4. Zachary suffered "severe and traumatic" injuries and was taken by ambulance to a hospital for treatment. *Id.* at 4, 6. According to the underlying complaint, Tucker was intoxicated at the time and had purchased alcohol from a convenience store operated by Premier earlier that evening. *Id.* at 4, 6–7.

1

In February 2021, Zachary and Samuel (the owner of the moped) filed suit against Tucker and her mother in the Greenville County Court of Common Pleas.  ECF No. 1 at 4.  The Lawrences later amended their complaint to add four new defendants, including Premier and the Premier employee who allegedly sold Tucker the alcohol.  *Id.*  The amended complaint asserts claims against Premier for (1) "negligence, negligence *per se*, gross negligence, recklessness, [and] violations of S.C. Code § 61-4-580," (2) "negligent, grossly negligent, and/or reckless hiring, supervision, training, and retention," and (3) negligent infliction of emotional distress.  ECF No. 1-2 at 14–18.  Allied, which insured Premier under a businessowners policy, agreed to defend Premier subject to a reservation of rights.  ECF No. 1 at 4.

On January 3, 2024, Allied filed the present declaratory-judgment action, seeking a declaration that a liquor liability exclusion in the policy bars coverage for the Lawrences' claims against Premier.  *Id.* at 6.  On July 17, 2024, Allied moved for judgment on the pleadings.  ECF No. 20.  Premier responded in opposition on July 31, 2024, and Allied filed its reply on August 6, 2024.  ECF Nos. 21, 22.  This matter is now ready for review.

## II.  APPLICABLE LAW

### A.  Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "The pleadings include the complaint, the answer, and any written instruments attached as exhibits."  *N. Ind. Gun & Outdoor Shows, Inc. v. City of South*

*Bend*, 163 F.3d 449, 453 (7th Cir. 1998); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)).  When a plaintiff moves for judgment on the pleadings, the Court "must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendant[]." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021).  Judgment on the pleadings may not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016)).

**B. Insurance Coverage**

In South Carolina, "[i]nsurance policies are subject to the general rules of contract construction." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999). The words used in a policy must be given their "plain, ordinary, and popular meaning." *Id.*  When a policy's language is "clear and unambiguous, the language alone determines the [policy's] force and effect." *Williams v. Gov't Emps. Ins. Co. (GEICO)*, 762 S.E.2d 705, 709 (S.C. 2014) (quoting *McGill v. Moore*, 672 S.E.2d 571, 574 (S.C. 2009)).

"An insurance contract is ambiguous only when it may fairly be understood in more than one way." *Braswell v. Faircloth*, 387 S.E.2d 707, 709 (S.C. Ct. App. 1989).  "Whether

3

a contract is ambiguous is to be determined from examining the entire contract, not by reviewing isolated portions[.]" *Williams*, 762 S.E.2d at 710.  Accordingly, a party cannot "create an ambiguity by pointing out a single sentence or clause." *McGill*, 672 S.E.2d at 574.

"As a general rule, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition." *Williams*, 762 S.E.2d at 712.  The insurer bears the burden of establishing an exclusion to coverage.  *Boggs v. Aetna Cas. & Sur. Co.*, 252 S.E.2d 565, 568 (S.C. 1979).

"Questions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the complaint.  If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend." *City of Hartsville v. S.C. Mun. Ins. & Risk. Fin. Fund*, 677 S.E.2d 574, 578 (S.C. 2009) (internal citation omitted).  But "[i]f the facts alleged in a complaint against [the] insured fail to bring a claim within policy coverage, [the] insurer has no duty to defend." *Id.*

### III. ANALYSIS

The issue before the Court is whether the liquor liability exclusion in Allied's policy excludes coverage for the Lawrences' claims against Premier.  The Court concludes that it does.

The liquor liability exclusion states:

This insurance, including any duty we have to defend "suits", does not apply to:

. . . .

4

    c. **Liquor Liability**

    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1) Causing or contributing to the intoxication of any person;

    (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

    This exclusion applies even if the claims allege negligence or other wrongdoing in:

    (a) The supervision, hiring, employment, training or monitoring of others by an insured; or

    (b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

    if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.

    This exclusion applies only if you:

    (1) Manufacture, sell or distribute alcoholic beverages;

    (2) Serve or furnish alcoholic beverages for a charge whether or not such activity:

      (a) Requires a license; or

      (b) Is for the purpose of financial gain or livelihood; or

    (3) Serve or furnish alcoholic beverages without a charge, if a license is required for such activity.

ECF No. 1-1 at 59.

    The liquor liability exclusion precludes coverage in this case because all the claims against Premier arise from its alleged "furnishing of alcoholic beverages to a person . . .

under the influence of alcohol."[1]  *Id.*  The underlying complaint alleges that Premier violated S.C. Code Ann. § 61-4-580, which prohibits the sale of beer or wine to an intoxicated person; that it "owed [the Lawrences] and other members of the public a duty of care not to sell alcohol to intoxicated customers"; and that it breached that duty "by selling . . . Tucker alcohol . . . after it knew, or should have known, she was intoxicated." ECF No. 1-2 at 15.  The complaint further alleges that Premier "negligently, carelessly, and recklessly hired, trained, retained, and supervised" its employees, one of whom "allowed . . . Tucker to purchase alcohol while intoxicated."  *Id.* at 17.  Finally, the Lawrences' claim for negligent infliction of emotional distress rests on the allegation that Premier "acted wrongfully as detailed above," yet the only "wrongful conduct" alleged elsewhere in the complaint is the sale of alcohol to Tucker.  *Id.* at 18.

In short, all the Lawrences' claims are ones "for which [Premier] may be held liable by reason of . . . furnishing alcoholic beverages" to Tucker while she was "under the influence of alcohol."  ECF No. 1-1 at 59.  Therefore, the liquor liability exclusion unambiguously bars coverage under the policy.

Resisting this conclusion, Premier argues that, at the very least, the exclusion does not apply to the Lawrences' negligent retention claim.  According to Premier, the scope of the exclusion is limited to the specific claims listed in the second paragraph.  ECF No. 21 at 4.  And because negligent retention is not explicitly listed, Premier contends that the exclusion does not bar coverage for its alleged negligent retention of the employee who sold the alcohol.  The Court disagrees.

---

[1] The parties do not dispute that the convenience store owned and operated by Premier "sell[s] . . . alcoholic beverages" as part of its business.  ECF Nos. 1 at 5; 13 at 3.

6

The second paragraph provides that the exclusion "applies *even if* the claims allege negligence or other wrongdoing in . . . [t]he supervision, hiring, employment, training or monitoring of others by an insured" as long as the underlying occurrence involved one of the alcohol-related scenarios described in the first paragraph. ECF No. 1-1 at 59 (emphasis added). "'Even if' does not mean 'only if.'" *Cont'l W. Ins. Co. v. Cheese Merchs. of Am., LLC*, 631 F. Supp. 3d 503, 514 (N.D. Ill. 2022). Rather, it means "[d]espite the possibility that; no matter whether." *Even if, Oxford Dictionaries*, https://premium.oxforddictionaries.com/definition/american_english/even-if (last visited Dec. 16, 2024). Thus, the second paragraph simply confirms that the scope of the exclusion is not limited or altered by the theory of negligence alleged.

In a final argument, Premier argues that the policy is "ambiguous and misleading" as to whether alcohol-related claims are excluded from coverage, citing the policy's "Property Declarations" page and its "Forms and Endorsements Summary." ECF No. 21 at 5. The Property Declarations page identifies Premier as a seller of alcohol, while the Forms and Endorsement Summary, which lists certain other exclusions, does not mention the liquor liability exclusion. ECF No. 1-1 at 11, 14. As a result, Premier maintains, a reasonable person reading the policy "could conclude that there [is] some coverage related to the sale of alcohol." ECF No. 21 at 5. Again, the Court disagrees.

The Property Declarations page merely identifies the type of property insured under the Property Coverage Form, i.e., a convenience store that derives less than 25% of its sales from beer and wine. ECF No. 1-1 at 11. This description has no bearing on the applicability of the liquor liability exclusion, which is part of the separate Liability Coverage Form. The Forms and Endorsements Summary does not create any ambiguity

7

either. As its name suggests, the Summary lists the title and form number of the various forms and endorsements that make up the policy. *Id.* at 14. The liquor liability exclusion is absent from this list because it — unlike the exclusions for "nuclear energy liability," "fungi or bacteria," and "violation of consumer protection statutes" — is not a standalone endorsement. *Id.*

In the end, Premier has not identified any ambiguity that would prevent the liquor liability exclusion from applying. Consequently, the Lawrences' claims are excluded from coverage, and Allied has no duty to defend or indemnify Premier in the underlying lawsuit.

### IV.  CONCLUSION

For the reasons set forth above, Allied's motion for judgment on the pleadings [20] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 16, 2024
Spartanburg, South Carolina